SUCESORES DE JOSÉ MARTÍNEZ, DEMANDANTES Y APELADOS, *v.* TOMÁS DÁVILA & CO., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., sobre nuevo juicio en un caso de cobro de cierta cantidad de dinero.

No. 1137.—Resuelto en mayo 6, 1914.

DESESTIMACIÓN DE APELACIÓN—NUEVO JUICIO—EXPOSICIÓN DEL CASO—APELACIÓN FRÍVOLA.—El hecho de que la transcripción de autos en una apelación contra orden concediendo un nuevo juicio no contenga una exposición del caso con los *affidavits* y cuestiones ventiladas ante el tribunal en el acto de la vista

de la moción de nuevo juicio, por sí solo no es suficiente para desestimar una apelación, ni le da a ésta el carácter de frívola, máxime cuando se ha alegado la insuficiencia de la moción de nuevo juicio.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Cay. Coll Cuchí.*

Abogados de los apelantes: *Sres. Bosch* y *Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

De la transcripción de este caso deducimos que en el acto del juicio celebrado en la Corte de Distrito de San Juan, Sección 2ª., los demandantes ofrecieron cierta prueba de una deuda la cual fué objetada por los demandados fundándose en que los libros de comercio constituían la mejor prueba de dicha deuda. La corte desestimó la objeción pero al parecer posteriormente desestimó la demanda por falta de esa misma prueba. Los demandantes solicitaron un nuevo juicio fundados en accidente o sorpresa que la ordinaria prudencia no ha podido prever. En la moción se alega que tal accidente o sorpresa se expondrían en los *affidavits* presentados en apoyo de la moción. La corte, después de discutir la moción, la declaró con lugar y ordenó un nuevo juicio y de esta orden los demandados apelaron.

Los apelados piden la desestimación de la apelación por dos fundamentos, a saber: que la transcripción es incompleta y que la apelación es frívola. La impugnación a la transcripción se funda en que los apelantes no han presentado una exposición del caso en la cual consten los verdaderos *affidavits* y las cuestiones ventiladas ante el tribunal en el acto de la vista de la moción de nuevo juicio. El secretario de la corte de distrito certificó la transcripción haciendo constar que los antecedentes que precedían su certificación constituían todas las alegaciones, órdenes y documentos usados en la moción de nuevo juicio. Los demandados alegan que esta certificación es insuficiente a la luz de las reglas de esta Corte y de la Jurisprudencia de California.

En apelaciones contra una sentencia al principio de regir el procedimiento establecido por el nuevo Código de Enjuiciamiento Civil frecuentemente se hacían mociones pidiendo la desestimación de las apelaciones por falta de un pliego de excepciones o exposición del caso, pero siempre resolvimos que aun así podrían surgir cuestiones de las alegaciones acerca de las cuales el apelante tenía el derecho de ser oído. También se plantea en este caso la cuestión de la suficiencia de la moción de nuevo juicio o en otros términos, los apelantes plantearon la cuestión de si el contenido de la moción demuestra la existencia de accidente o sorpresa durante el juicio según el significado que estas palabras tienen en derecho.    Puede ser que, ya tengan o nó razón los apelantes, la corte pudo en el ejercicio de su facultad discrecional conceder el nuevo juicio, pero tanto la cuestión de si los fundamentos de la moción son o nó suficientes como la discreción de la corte son ambas discutibles.

Opinamos que los apelantes tienen el derecho a que se les oiga con respecto a la moción en sí y no estamos completamente convencidos de que la certificación del Secretario no demuestre de una manera exacta qué cuestiones fueron planteadas ante la corte en el acto de la vista de la moción.    Estas son cuestiones de procedimiento que se nos presentan a nuestra mente y aunque tal vez no podamos entrar en el examen de los *affidavits,* sin embargo, no queremos desestimar la apelación sin examinar la suficiencia de la moción considerada aisladamente.    Como consecuencia surge que la apelación no es frívola y que la moción para desestimar la apelación debe ser denegada.

*Denegada la moción.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

El Juez Presidente Sr. Hernández no intervino en la resolución de esta moción.